CITY OF DANVILLE

v.

HARRY VANGUNDY.

*Municipal Corporations—Defective Culvert—Notice—Negligence.*

This court sustains a judgment against a municipal corporation for injuries caused by defects in a culvert, the defendant being chargeable with negligence in not making a more thorough examination for such defects.

[Opinion filed October 3, 1888.]

APPEAL from the Circuit Court of Vermillion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. GEORGE G. MABIN, for appellant.

To render the city liable for injuries resulting from defects in "streets" it must appear either that the city had notice of the defect, or that it was a patent defect, and had continued so long that notice might reasonably be inferred, or that the defect was one which, with reasonable and proper care, should have been ascertained and remedied. Chicago v. McCarthy, 75 Ill. 602.

We submit that the city had no notice of this defect in the culvert, and that it was not a patent defect, but a latent defect; and to hold the city liable for such would be unreasonable. The city is not required to have its streets so constructed as to secure immunity from danger in using them, nor is it bound to employ the utmost care and exertion to that end. Its duty under the law is only to see that its streets are reasonably safe for persons exercising ordinary care and caution. City of Chicago v. Caroline McGiven, 78 Ill. 347.

Mr. F. BOOKWALTER, for appellee.

*Per Curiam.* Appellee's horse stepped upon a plank culvert across a street of the city and broke through, whereby

appellee was thrown and permanently injured.  In this action he recovered judgment on a verdict for $200 damages.

No fault is found with the law as held and given to the jury by the court below, but it is insisted that the evidence did not show the city to be chargeable with notice of the defect in the plank.  It was not so apparent as to be at once noticed by persons passing over it as they ordinarily do, but the city had recently made some other repairs of the culvert and was perhaps fairly chargeable with negligence in not making a more thorough examination for defects of this character.  The fact that they might not be at once apparent to a superficial observer, imposed the duty of frequent and careful inspection. While the proof of negligence is not very clear or forcible as it appears to us in the record, we are not prepared to say that the jury, who saw and heard the witnesses, were not warranted in finding as they did.

*Judgment affirmed.*